# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY J. KORNFELD,<br><br>    Plaintiff,<br><br>    v.<br><br>MANAGEMENT & TRAINING CORP., *et al.*,<br><br>    Defendants. | Case No. 1:21-cv-00847-ADA-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO DISMISS<br><br>(ECF No. 11)<br><br>**FOURTEEN (14) DAY DEADLINE** |

## I. Introduction

Plaintiff Ray J. Kornfeld ("Plaintiff") is a former federal prisoner proceeding *pro se* in this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

As Plaintiff is a former federal prisoner who has been released from custody, and Plaintiff paid the filing fee in this action and is not proceeding *in forma pauperis*, this action proceeded to service without screening by the Court. (*See* ECF No. 3.)

On August 30, 2021, Defendants Management & Training Corporation, Georgina Puentes, and Martin Friend ("Defendants") filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds the pleading fails to state facts sufficient to entitle Plaintiff to relief. (ECF No. 11.) Following two extensions of time, on November 1, 2021, Plaintiff filed a response to the motion to dismiss in the form of a motion to file an amended complaint and lodged a proposed first amended complaint. (ECF Nos. 22, 23.) The Court construed the motion and lodged first amended complaint as Plaintiff's opposition to the motion to dismiss, (ECF No.

1

24), and Defendants filed a reply brief on November 18, 2021, (ECF No. 25). The motion to dismiss and Plaintiff's request to amend are therefore deemed submitted. Local Rule 230(l).

## II.     Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Meek v. Cty. of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999). In ruling on the motion, the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). The court may also consider documents incorporated by reference into the complaint. *Van Buskirk v. Cable News Network, Inc*., 284 F.3d 977, 980 (9th Cir. 2002).

In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, a court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. *Ivey v. Bd. of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982). Also, the Court need not credit "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007).

## III.    Brief Overview of the Case

Briefly summarized, this action proceeds on Plaintiff's complaint, filed May 25, 2021, against Defendants Management & Training Corporation ("MTC"), Georgina Puentes, and Martin Friend for violations of the Fifth and Eighth Amendments. (ECF No. 1.)

Plaintiff alleges that prior to June 12, 2019, he was confined at Taft Correctional Institution ("TCI"), a federal correctional facility privately operated by MTC. Plaintiff was

incarcerated for a term of sixty months, and began serving his sentence on March 15, 2015.

On or about December 21, 2018, Public Law 115-31 became effective. *Inter alia*, that statute modified 18 U.S.C. § 3624(b)(1), to provide a credit of an additional fifty-four days served for each year any federal inmate served in good behavior. Because Plaintiff had served four calendar years of his assessed sentence, he was entitled to an additional credit of 188 days served.

Plaintiff was also over sixty years old in 2018, therefore he was entitled to release from confinement because he had served two-thirds of his sentence.

Plaintiff alleges that his proper release date should have been December 21, 2018,[1] notwithstanding his notification of officials of these calculations, both Defendants Friend and Puentes continued Plaintiff's incarceration for an additional 157-day period until he was released from TCI on June 12, 2019, and from restricted arrest and confinement at a halfway house on August 12, 2019. All of these decisions were performed pursuant to the policies of and at the directions of the management of MTC.

As a result of these policies and decisions, Plaintiff was incarcerated for a period of 157 days exceeding the time for which he was legally sentenced.

## IV. Defendants' Motion to Dismiss

### A. Defendants' Arguments

#### 1. *Bivens* Claims Do Not Extend to Private Parties

Defendants argue that Plaintiff's complaint fails because *Bivens* actions do not extend to Defendants, as private entities or employees of private entities, under the Fifth or Eighth Amendments. Defendant MTC is alleged, and is, a private corporation, and the Supreme Court ruled that *Bivens* claims do not extend to private entities. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). In addition, Defendants Puentes and Friend were, as alleged and as is not disputed, employees of MTC during the relevant time period, and the Supreme Court has also declined to extend *Bivens* to apply to employees of a privately operated federal prison where the conduct is of

---

[1] The Court notes that while the complaint alleges that Plaintiff's proper release date should have been December 21, 2019, (ECF No. 1, p. 3), it is apparent from context and further allegations in the complaint, (*id.* at 5), that Plaintiff intended to allege that his proper release date was December 21, 2018, the date Public Law 115-31 became effective. The Court has analyzed Plaintiff's complaint and Defendants' motion to dismiss as though Plaintiff had so alleged.

a kind that typically falls within the scope of traditional state tort law. *Minneci v. Pollard*, 565 U.S. 118, 131 (2012).

        2.      <u>Plaintiff Was Never Entitled to Early Release as a Matter of Law</u>

Defendants further contend that, notwithstanding whether *Bivens* extends a right of action against Defendants, Plaintiff was not entitled to early release, as a matter of law. This issue was already addressed during Plaintiff's 2019 habeas petition, which found that Section 102(b)(1) of the First Step Act of 2018 will not take effect until approximately July of 2019, and Plaintiff's claim that the BOP must immediately recalculate his sentence was meritless. (Defendants' Request for Judicial Notice Ex. B, *Recommendation to Dismiss Habeas Corpus*, Doc. No. 6 at 5:3–8.) In addition, plaintiff was released from TCI on June 12, 2019, one month *before* Section 102(b)(2) took effect, and therefore there is no factual basis for Plaintiff to allege any constitutional violation.

**B.**     **Plaintiff's Arguments in Opposition**

In response to Defendants' motion to dismiss, Plaintiff filed a motion to file an amended complaint and a proposed first amended complaint. (ECF Nos. 22, 23.) Plaintiff acknowledges the existence of *Minneci v. Pollard*, but argues that notwithstanding that the case should be overturned and submits that this case should be allowed to go forward to test that possibility. Plaintiff's proposed first amended complaint includes an additional state law claim for wrongful incarceration by a government official in violation of California Government Code § 821.6 and *Sullivan v. County of Los Angeles*, 12 Cal. 3d 710 (Cal. 1974), and, alternatively, a diversity claim for the same violation.

**C.**     **Defendants' Reply Brief**

In reply, Defendants contend that Plaintiff pleads no new facts in the proposed first amended complaint which would distinguish his case from the controlling authorities. Further, even if the newly added state law claims are properly before the Court, Defendants are entitled to dismissal of those claims, with prejudice, because calculation of the good credit time demonstrates that Plaintiff was released early. Therefore, it is impossible for Plaintiff to cure the pleading with further amendment.

## V. **Discussion**

### A. **Request for Judicial Notice**

Defendants request that the Court take judicial notice of documents filed and orders entered in Plaintiff's prior habeas corpus action, *Kornfeld v. Puentes*, Case No. 1:19-cv-00263-DAD-JLT (HC): (1) Plaintiff's petition for habeas corpus, filed February 25, 2019; (2) Findings and Recommendation to Dismiss Petition for Writ of Habeas Corpus, entered March 1, 2019; and (3) a Notice of Release from Custody, filed by Plaintiff via his counsel of record at the time, on September 11, 2019. (ECF Nos. 11-2; 11-3; 25-1.) Defendants seek judicial notice of these documents on the grounds that they are incorporated by reference in Plaintiff's pleadings. Plaintiff has not indicated any opposition to the requests.

Rule 201(b) of the Federal Rules of Evidence provides that a court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). A court may also take judicial notice of court filings and the contents of public records. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

The Court will take judicial notice of the requested documents because Plaintiff has incorporated them by reference into his pleadings, Plaintiff has not opposed the requests, and the documents' accuracy can be readily determined from the docket in *Kornfeld v. Puentes*.

### B. **No *Bivens* Remedy Against Private Prison Operators or Their Employees**

As acknowledged by all parties, the Supreme Court has declined to create an implied damages remedy pursuant to *Bivens* where a suit is brought against a private prison operator, *Malesko*, 534 U.S. at 66, or against an employee of a private prison, *Minneci*, 565 U.S. at 120. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017). Plaintiff's proposed first amended complaint continues to allege that Defendant MTC is a corporation that privately operated TCI, and Defendants Puentes and Friend were employees of that corporation at the time of the events at issue. (ECF No. 23, pp. 1–2.) Plaintiff does not contest the existence of *Malesko* or *Minneci*,

5

their holdings, or that they are controlling authority. Plaintiff states only that, notwithstanding these decisions, he believes they should be overturned and his case should proceed in order to test that possibility. Plaintiff does not provide further argument as to why *Malesko* or *Minneci* should be overturned, nor does he set forth any facts that would distinguish his case such that their holdings would not apply.

The Supreme Court has repeatedly emphasized its reluctance to create new causes of action by adding to the types of claims allowed under *Bivens*. *See Egbert v. Boule*, 142 S. Ct. 1793, 1799 (2022) ("Over the past 42 years, however, we have declined 11 times to imply a similar cause of action for other alleged constitutional violations."); *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020) ("[F]or almost 40 years, we have consistently rebuffed requests to add to the claims allowed under *Bivens*."); *Ziglar*, 137 S. Ct. at 1857 ("[T]he Court has made clear that expanding the *Bivens* remedy is now a "disfavored" judicial activity." (internal citation omitted)). Plaintiff has failed to make any argument as to why extension is appropriate in this case, aside from his desire to "test" the possibility, and the Court finds no reason to pursue overturning controlling authority from the Supreme Court. There is no *Bivens* remedy for Fifth or Eighth Amendment claims brought against private entities or their employees. *Malesko*, 534 U.S. at 66; *Minneci*, 565 U.S. at 120.

Accordingly, Plaintiff fails to state a cognizable claim against any defendant under *Bivens*, as a matter of law.

### C.     Leave to Amend Would Be Futile

"Under Federal Rule of Civil Procedure 15(a), leave to amend shall be freely given when justice so requires. However, the district court may exercise its discretion to deny leave to amend due to undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , and futility of amendment." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (citations and internal quotation marks and brackets omitted); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[I]n dismissing for failure to state a claim under Rule 12(b)(6), a district court should grant leave to amend even if no request to amend the pleading was made,

unless it determines that the pleading could not possibly be cured by the allegation of other facts." (citation and internal quotation marks omitted)).

Plaintiff's proposed first amended complaint now purports to add a new state law claim against all defendants for continuing the confinement of an individual beyond the date on which he should have been released or continued in confinement, in violation of Cal. Gov. Code § 821.6[2] and *Sullivan*, 12 Cal. 3d 710 (Cal. 1974). (ECF Nos. 22, p. 2; 23, p. 6.) Defendants argue that even if the state law claim is properly before the Court, Defendants are entitled to dismissal of those claims, with prejudice, because a calculation of Plaintiff's good credit time reveals that Plaintiff was timely released from custody. (ECF No. 25, p. 2.)

The Court finds it unnecessary to reach the question of whether Plaintiff's good credit time was properly calculated or whether he states a cognizable claim in violation of California state law. As discussed above, Plaintiff fails to state a cognizable claim for relief under federal law. Plaintiff's proposed amended complaint demonstrates that the deficiency cannot be cured by amendment. As Plaintiff cannot plead any additional facts to cure this defect, it would be futile to grant Plaintiff leave to file the proposed first amended complaint. *Lopez*, 203 F.3d at 1130. As such, a new state law claim, raised only in the proposed first amended complaint, is not properly before this Court.

Even if the Court were to permit the filing of the first amended complaint, in light of Plaintiff's failure to state any cognizable federal claims, the Court declines to exercise supplemental jurisdiction over any potential state law claims. 28 U.S.C. § 1367(a) ("The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726

---

[2] California Government Code § 821.6 provides: "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." It appears Plaintiff intended to bring a claim pursuant to California Government Code § 815.6, which has been applied in cases where a plaintiff claimed that he was confined in a county jail beyond his proper jail term. *See Sullivan*, 12 Cal. 3d 710; *Shakespeare v. City of Pasadena*, 230 Cal. App. 2d 375 (Cal. 1964).

7

(1966).

Accordingly, the Court finds that permitting leave to amend would be futile, and Plaintiff may not raise a new state law claim in this action. Plaintiff's federal claims should be dismissed, with prejudice. Plaintiff's purported state law claim is not properly before the Court in this action, and therefore the Court expresses no opinion as to the merits of any state law claim.

## VI. Conclusion and Recommendation

Accordingly, IT IS HEREBY ORDERED that Defendants' requests for Judicial Notice, (ECF Nos 11-1; 25-1), are GRANTED.

Further, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss, (ECF No. 11), be GRANTED, without leave to amend; and
2. This action be DISMISSED, with prejudice, based on Plaintiff's failure to state a cognizable claim for relief under federal law.

\* \* \*

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, under 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 1, 2022**          /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE